No. 10,954.

## HOTTENDORF v. THE STATE.

INTOXICATING LIQUORS.—*Sale as Medicine.*—*Statute Construed.*—Section 5320, R. S. 1881, is not violated by selling less than a quart of intoxicating liquor without license, in good faith, for medicinal purposes, but prudence and caution are required of the seller.

SAME.—*Evidence.*—As to the evidence sufficient to sustain a finding that intoxicating liquor was sold unlawfully and not for medicinal purposes, see opinion.

From the Wayne Circuit Court.

*H. U. Johnson*, for appellant.

*F. T. Hord*, Attorney General, and *C. E. Shiveley*, Prosecuting Attorney, for the State.

NIBLACK, C. J.—The appellant was indicted for selling without a license intoxicating liquor, in a less quantity than a

quart to one Wesley Stevens. R. S. 1881, section 5320. A jury returned a verdict of guilty as charged, assessing at the same time a fine against the appellant. Motion for a new trial refused, and judgment on the verdict.

The only complaint is that the court erred in overruling the motion for a new trial, because of the alleged insufficiency of the evidence to sustain the verdict.

The appellant was shown to be a physician, and to have been the proprietor of a drug store in the town of Dublin, in Wayne county, in this State. Stevens, the prosecuting witness, testified in chief, that he lived in the town of Dublin, above named, and that he bought whiskey of the appellant at his place of business in that town in the summer or fall of 1882; that the amount of whiskey purchased at the time was less than a quart, being in fact a half pint, for which he paid twenty-five cents; that he asked for a half pint of whiskey, and the appellant went and got it for him; that the appellant asked him if he wanted anything in it; that he, witness, asked the appellant what he wanted to put in it, to which he replied he would put some ginger in it; that he would have to medicate it for witness; that this was all that was said at the time.

On his cross-examination, the witness stated that he did not remember telling the appellant that he was sick or had pains in his stomach when he called for the whiskey; that he could not recall all that was said at the time; that, after saying he must medicate it, the appellant put something in the whiskey which he said was ginger; that he, witness, did not drink the whiskey at the appellant's drug store, but took it away with him in a flask.

On his re-direct examination this witness said that he was sick when he got the whiskey, but did not remember having a pain in his stomach or telling the appellant that he had.

The appellant was a witness on his own behalf, and concurred generally in the statements made by Stevens, but asserted in addition that when Stevens called for the whiskey

he asked him if he was sick, to which Stevens replied that he was; that he had pains and cramp in his stomach; that Stevens looked as if he might be sick at the time; that he, appellant, thought that some whiskey, heated with ginger, would cure him up again, and sold him the whiskey to relieve his pain or cramp in the stomach, believing that he needed it for that purpose; that he told Stevens when he asked for the whiskey, that he would have to medicate it, believing that he would have to put medicine in it in order not to violate the law; that he put an ounce of tincture of ginger in a half pint flask and filled up the flask with whiskey; that he did not do this to violate the law; that he did not examine Stevens, or feel his pulse, and Stevens had no prescription; that he acted on Stevens's appearance only.

It is argued on behalf of the appellant that the evidence, a substantial synopsis of which is given as above, showed affirmatively, and without conflict as to that branch of the case, that the whiskey was sold for a medicinal purpose, and for that purpose only, in due course of business, at a drug store, and that, following the case of *Nixon* v. *State*, 76 Ind. 524, and other cases cited by it, a case of unlawful selling intoxicating liquor by retail, as charged in the indictment, was not made out against the appellant.

In construing statutes similar to section 5320, *supra*, this court has repeatedly held that a *bona fide* sale of intoxicating liquor for medicinal purposes was not prohibited by any of the penal provisions of the statutes so construed, and we regard that as the proper construction to be given to section 5320, herein referred to, which is really the same as section 12 of the act of March 17th, 1875, concerning the sale of intoxicating liquors, under which the case of *Nixon* v. *State*, *supra*, was decided.

As to whether a sale of intoxicating liquor was made for a medicinal purpose, is a question which must be determined upon the facts of each particular case, and concerning which

no general principles can be made specially applicable, unless it be that in all such cases it ought to be shown that the person who made the sale acted with reasonable caution in making it.

In this case the question before the jury seems to have been whether the whiskey was really sold for medicinal purposes, or only colorably so. As bearing upon that question some of the facts and expressions brought out by the evidence were apparently unfavorable to the appellant's defence.

In the first place, the application for the whiskey was not accompanied by any suggestion from Stevens that he needed it as a medicine. In the next place, the remark of the appellant, after he had seemingly taken in the situation, that he would have to *medicate* the whiskey, carried with it the implication that there was something in the transaction to which, as a matter of prudent precaution, a coloring ought to be given different from that contemplated by Stevens when he called for whiskey, pure and simple. In the third place, the means which the appellant took to ascertain the physical condition of Stevens at the time of the sale of the whiskey were very slight indeed, and were not such as physicians usually take before either prescribing or administering medicine.

If Stevens was really in need of whiskey as a medicine, why the necessity of *medicating* it in order not to violate the law in selling it to him? What need is there of giving to a lawful transaction a coloring which implies a doubt of its legality?

With these facts before them, aided by the presence of the parties, who were also witnesses, as above shown, we can not say that the jury were not justified in coming to a conclusion adverse to the innocence of the appellant.

The judgment is affirmed, with costs.