No. 10,371.

SHOWALTER *v.* THE STATE.

INTOXICATING LIQUOR.— *Unlawful Sale.—Evidence.--Supreme Court.*—Where the evidence in the record is sufficient to authorize and justify the jury in finding that the unlawful sale of intoxicating liquor, charged in the indictment, was made by the defendant or by his authority and under his direction, and there is a verdict of guilty, and judgment accordingly, the Supreme Court will not reverse the judgment on any question relating to the sufficiency of the evidence.

CRIMINAL LAW.—*Defendant's Failure to Testify.*—*Comments of Counsel.*—*New Trial.*—Under the *fourth* clause of section 1798, R. S. 1881, the defendant in a criminal cause is a competent witness to testify in his own behalf; but it is expressly declared that his failure to testify " shall not be commented upon or referred to in the argument of the cause; " and where the record shows that this provision of the statute was disregarded in the argument of counsel, it is an error of law, occurring at the trial, which can not be cured by the instructions of the court, and for which a new trial must be granted.

From the Union Circuit Court.

*T. D. Evans,* for appellant.

*L. H. Stanford,* Prosecuting Attorney, for the State.

HOWK, J.—In this case the indictment charged that the appellant, on the 17th day of March, 1882, at and in Union county, Indiana, unlawfully sold to one Joseph Orr spiritous and intoxicating liquor, in a less quantity than a quart, to wit, one gill of whiskey, at and for the price of ten cents, he, the appellant, not then and there having a license so to sell such liquor, contrary to the form of the statute, etc.

Upon appellant's arraignment and plea of not guilty, the issues joined were tried by a jury, and a verdict was returned finding him guilty, as charged in the indictment, and assessing his punishment at a fine in the sum of $40. Over his motion for a new trial, and his exception saved, the court rendered judgment on the verdict.

The only error assigned by appellant is the overruling of his motion for a new trial. Under this error, his counsel earnestly insist that the verdict of the jury was not sustained by sufficient evidence. The following facts, it seems to us, were fairly established by the evidence in the record: The appellant lived in the village of Brownsville, in Union county, Indiana; his dwelling and business house, and out-buildings, were all under one roof; his business room was separated from his residence by a partition, reaching from the floor to the ceiling, in which there was neither door nor window; the residence was occupied by his family, consisting of himself and his wife, and his two grown step-children; in the business

room there was a stove and a drawer; the drawer was so arranged that it would slide through the partition, between the business room and the family residence, and slide back and forth as occasion might require; the prosecuting witness testified, in substance, that, on March 17th, 1882, he went into that business room to get a drink of whiskey; that there was no person present in the room; that he dropped a dime in the drawer, and called for whiskey; that no one answered, and he saw no person; that the drawer passed through the partition and came back with a glass of whiskey in it; and that he took the glass out of the drawer, and drank the whiskey on the premises. The witness further testified, that he did not see the appellant, or any one else, in or about the premises, and did not know who sold or furnished the whiskey to him; he only knew that he dropped his dime in the drawer in the appellant's business room, and audibly called for whiskey, and that he got the whiskey in the manner mentioned, and drank the same on the premises. This was all the evidence of the particular transaction on which the indictment is predicated.

There was other evidence of the sales of whiskey, in less quantities than a quart at a time, to other persons in the same manner, in appellant's business room; but in no case did the parties see or know the person who sold or furnished the whiskey to them.

It is claimed by appellant's counsel, that this evidence does not show, beyond a reasonable doubt, that the appellant sold the whiskey to Joseph Orr, as charged in the indictment, and that, therefore, it did not authorize the jury to return a verdict of guilty. We are of the opinion, however, that the jury were fully authorized and justified by the evidence, in finding that the sale of the whiskey to Orr was made by the appellant, or by his authority and under his direction, and, in either event, that he was guilty of the offence charged in the indictment.

It is shown by a bill of exceptions properly in the record, that the prosecuting attorney, in his opening argument to the

jury, used the following language : "The State has proven all it could to you, gentlemen of the jury, and all that it could find witnesses to prove anything by, and it is a principle of law, that if a party conceal a fact it is a presumption that he knows something to conceal, and this silence on behalf of the defendant is a fact here ; " to which language and argument of the prosecuting attorney the defendant's counsel at the time excepted ; when the court stopped the prosecuting attorney and informed the jury, that they could not take the fact that the defendant did not testify into consideration. Whereupon the prosecuting attorney immédiately proceeded with his argument, and used this language : "I know my rights, and I know as much law as counsel or the court, no more or no less, and don't intend to be *bull-dozed* out of my argument ; and I say, that while the law is that, if the defendant does not testify, it can not be referred to or considered by you as against him, you are the judges of the law and the evidence in the case, and know that he has offered no evidence ; " to all which language and argument the defendant excepted. The conduct and language of the prosecuting attorney, in his address to the jury, were assigned by appellant as cause for a new trial, in his motion therefor, and it is earnestly insisted by his counsel, that, for this cause, a new trial ought to have been granted, and that it was error to overrule the motion therefor.

In the *fourth* clause of section 1798, R. S. 1881, declaring what persons are competent witnesses, in criminal cases, it is provided as follows : "*Fourth.* The defendant, to testify in his own behalf. But if the defendant do not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same ; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section."

This clause of the statute is a substantial re-enactment of the *fourth* clause of section 90 of the criminal code of 1852, as the section was amended by the act of March 10th, 1873.

2 R. S. 1876, p. 395. The question under consideration was presented and considered by this court, in *Long* v. *State*, 56 Ind. 182 (26 Am. R. 19). In that case, it appeared that an attorney for the State, in his argument to the jury, said: " It is true, gentlemen of the jury, the evidence in this case is not as clear as it might be. There were but two parties to this transaction. You have heard the evidence of one of them. We would have been pleased to have heard from the other, to see what light he could have thrown upon this transaction." In commenting upon this language, after quoting the clause of the statute, this court said: " We think the remarks of counsel, given above, constituted a palpable infringement of the provisions of the foregoing statute, which was not cured by the subsequent instructions of the court to the jury, that they should disregard such remarks, and must be regarded as an error of law occurring at the trial of the cause. We construe the statute to mean, that, when a defendant in a criminal cause declines to testify in his own behalf, absolute silence on the subject is enjoined on counsel in their argument on the trial, and upon the jury trying the cause during their consultation upon it."

The case cited is decisive of the question now under consideration, in favor of the appellant; for, in the case at bar, the language of the prosecuting attorney was a more direct and palpable violation of the letter and spirit of the statute than the language which, in the case cited, was held to constitute a good and sufficient cause for a new trial. We need not comment on the language complained of in this case, further than to say that it constituted such an error of law, we think, as could not be cured by the court's subsequent charge to the jury, that " the fact that defendant did not testify could not be taken into consideration." *Morrison* v. *State*, 76 Ind. 335, 338.

The court erred in overruling the motion for a new trial.

The judgment is reversed, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings.