Filed June 25, 1884.

———◆———

No. 11,588.

STULTZ v. THE STATE.

INTOXICATING LIQUOR.—*Sale to Minor.*—*Evidence.*—As to evidence held sufficient to warrant a conviction for a sale of intoxicating liquor to a minor under section 2094, R. S. 1881, see opinion.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short,* for appellant.

*F. T. Hord,* Attorney General, *J. D. Alexander,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ZOLLARS, J.—Appellant was convicted upon an indictment of two counts, in which he was charged with having given and sold intoxicating liquors to a minor. The prosecution is based upon section 2094, R. S. 1881, which provides that whoever, directly or indirectly, sells, barters or gives away intoxicating liquors to a minor, etc., shall be fined, etc.

The only question made in this court is as to the sufficiency of the evidence. The boy to whom it is charged the liquor was sold testified that on the day named in the indictment, which was Sunday, he, in company with two other boys, went to a saloon where they met appellant. The witness said to him that he wanted some whiskey. Appellant answered that he could not let him have it. After making

this answer, he went into the saloon and shortly thereafter to a barn that stood near by. Upon his return, the witness went behind the barn and found a half-pint bottle of whiskey upon a rock. This he picked up, left twenty-five cents in its place upon the rock, and returned to appellant and the other boys. He further testified that he saw no person, except appellant, go to the barn; that he had no understanding with appellant that the whiskey was to be left there for him, and did not know who left it there. After leaving appellant, the boys drank the whiskey. The other boys saw the parties conversing, but did not know what was said; saw appellant going to and returning from the barn, but did not know how the whiskey was procured; did not know that it had been procured until after they had left appellant.

This is the substance of the evidence. It at least tends to sustain the finding of the court below. If, as stated by the witness, there was no understanding that the liquor should be placed where it was, or where he might find it, the coincidence was a very remarkable one. If there was no such understanding, for what did appellant go into the saloon? By whom, and for what purpose was the liquor placed upon the rock? How came the witness to go to the barn upon the return of appellant? Why did he take the liquor and leave the money? For whom was the money left? Why did the witness not disclose his possession of the liquor until after he had left appellant? The declaration of the witness that there was no understanding between him and appellant is not a satisfactory answer to these inquiries, and the court below was not bound to accept it as such.

The manner and deportment of the witness, who testified to the remarkable occurrence, may have, and doubtless did, render material aid to the court below in arriving at the truth.

The judgment is affirmed, with costs.

Filed June 24, 1884.