Filed Feb. 15, 1887.

——————◆——————

No. 13,387.

## PIERCE v. THE STATE.

PRACTICE.—*Exception to Opinion Instead of Decision.*—*New Trial.*—*Criminal Law.*—An exception to the *opinion* of the court in overruling a motion for a new trial, instead of to its *decision*, which is more technically accurate, is sufficient to present the question.

INTOXICATING LIQUOR.—*Sale on Sunday.*—*Evidence.*—The appellant kept a hotel, to which a saloon, owned by him, was attached. It was separated from the hotel office by a hall, from which doors opened into each. The prosecuting witness entered the office on Sunday and passed through the hall into the saloon. The appellant was not present, nor did the witness see him about the premises, but one of his boarders and two or three other persons were in the saloon, standing some distance from the bar. The witness asked the boarder if he had any beer, and the latter replied: "There is a bottle; why don't you take it?" A bottle of beer and a beer glass were on the counter. The witness poured out a glass of beer, drank it, left the price of the drink on the counter and passed out by the way he had entered.

*Held,* that the evidence is sufficient to sustain a verdict finding the appellant guilty of an unlawful sale on Sunday.

*Held,* also, that the conversation between the prosecuting witness and the boarder was properly admitted in evidence.

From the Kosciusko Circuit Court.

*J. S. Fraser, W. D. Fraser* and *L. H. Haymond,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

MITCHELL, J.—The appellant was convicted in the court

below of having unlawfully sold intoxicating liquor on Sunday, contrary to the statute.

The overruling of his motion for a new ·trial is the only error discussed here.

The attorney general makes the point that the record fails to show that the appellant excepted to the ruling or decision of the court, in overruling the motion for a new trial.

In that connection the record entry made by the clerk recites as follows: "And the court, being sufficiently advised in the premises, does now overrule said motion, to which *opinion* of the court the said defendant by counsel excepts."

Section 1845, R. S. 1881, sec. 270 of the code regulating criminal procedure, enacts, in substance, that a defendant may take an exception to any *decision* of the court, etc.

"Opinion" and "decision," it is said, are not synonymous in meaning, and, therefore, an exception to the opinion of the court is not an exception to its decision.

The terms "opinion" and "decision" are sometimes used interchangeably in the statute. Thus, in section 1846, the provision is, that the prosecuting attorney may except "to any *opinion* of the court," and reserve the point of law for the decision of the Supreme Court. Whether the exception in a criminal proceeding be by the defendant, or by the prosecuting attorney, it must relate to some ruling or decision made in the progress of the case. While it is doubtless more technically accurate to except to the decision of the court, it is equally available to present the question, if the exception be to the opinion. Although the court may announce its ruling and the reasons therefor, orally, it is well understood that an exception, taken by either party at the time, is an exception to the ruling or decision, made upon the matter before the court, and not to the reasons or opinion which the court may have given. The case of *Houston* v. *Williams*, 13 Cal. 24, is distinguishable.

The chief contention of the appellant is, that the evidence fails to sustain the verdict of the jury.

The facts make a case like this: The appellant kept a hotel near the depot, in Warsaw, Indiana, to which there was a saloon attached. There was a hall in the building, between the hotel office and the saloon. In this there were doors which communicated into the office and saloon respectively. The room in which the saloon and bar were kept was, so far as appears, devoted exclusively to the saloon business, leaving no occasion to keep it open on Sunday, so far as carrying on the business of the hotel was concerned. The saloon was kept by the appellant. The liquors therein belonged to him.

The witness to whom the sale was charged to have been made testified, that he went into the hotel office on Sunday, and that he did not remember to have seen either the appellant or his clerk about. He passed from the office through the hall into the saloon. He found there a man by the name of Gundecker and two or three others, all of whom were standing some distance from the bar. Gundecker was a boarder at the appellant's hotel. The witness asked Gundecker whether he had any beer. The latter replied: "There is a bottle, why don't you take it." There was a bottle of beer and a beer glass on the counter. The witness took the bottle, poured out a glass of beer, and drank it. Leaving a nickel on the counter, he passed out by the way he entered into the hotel office. This is the substance of all the evidence given in the cause.

It was not explained how the saloon came to be open on Sunday, with the appellant's boarder and two or three other persons in it; nor was there any explanation of how it came about, that the bottle of beer and glass were so conveniently displayed on the counter; nor by what authority the boarder presumed upon the liberality of his host, when he directed the attention of the witness to the bottle and glass on the counter; nor why the witness thought the propriety of the occasion demanded that he should leave the price of the drink on the counter. All this may have occurred without the appellant's knowledge or consent. The facts were, however,

capable of supporting a different conclusion. The jury may have inferred that the method resorted to was a means of evading the statute, which makes it a misdemeanor to sell, barter or give away any intoxicating liquor, to be drank as a beverage, on Sunday. This inference must have been drawn by the jury, otherwise an acquittal must have followed.

The sale, barter or gift of intoxicating liquors on Sunday, to be drunk as a beverage, stands upon a somewhat different basis from similar transactions on a secular day. There are no circumstances under which sales, for such a purpose, can be lawfully made on that day. In contemplation of law, that, like other secular business, is to be suspended on Sunday, persons are ordinarily held to take some notice whether or not the law is being violated in the conduct of a business which is under their control, and which is being conducted on premises which they themselves occupy.

When, therefore, the State had made it to appear in evidence, that a sale, or what amounted to a sale, of intoxicating liquors had been made on Sunday, in the appellant's saloon, which was in a building which the appellant himself occupied, and by a person who was apparently in control of the saloon at the time, such facts were presented as authorized the jury to infer that the saloon was open, and the sale was made with the appellant's consent.

It was not necessary that the appellant should have authorized or directed the particular sale in question. The fact that ready access was obtainable to the saloon, and that three or four persons were already there when the prosecuting witness entered, and all the circumstances taken together, may have induced the belief in the minds of the jury, that the saloon was accessible to all such as knew the way, and that liquors were obtainable by doing as the witness did. The case is not distinguishable from *Showalter* v. *State*, 84 Ind. 562, and *Dant* v. *State*, 83 Ind. 60. It is in its facts like the case of *Stultz* v. *State*, 96 Ind. 456.

Where facts, from which guilt may fairly be deduced, are left wholly unexplained, and the jury draw the inference that the defendant is guilty, this court is not authorized to reverse.

Objection is made to the ruling of the court in permitting the prosecuting witness to detail to the jury what was said by the witness to Gundecker, and by the latter in reply, at the time the beer was obtained.

It is said that the conversation was had in the appellant's absence, and that there was no proof that Gundecker was the agent or bartender of the appellant. As we have already seen, the saloon, which was part of the same building in which the appellant resided, was open on a day when the prosecution of the business therein conducted was unlawful. Gundecker was there assuming control or authority over the appellant's property. In pursuance of his authority, real or assumed, a sale of liquor resulted. The State had the right to show the facts and surrounding circumstances, and leave them for further explanation, or for such legitimate inference as might arise from them. There was no error in admitting the evidence.

The bill of exceptions recites that during the closing argument, the prosecuting attorney remarked upon the difficulty of securing convictions in cases like this, and, further, that an acquittal in this case would be an assurance to the appellant to continue selling liquor to boys on Sunday, and other remarks of a similar character, to which exception was taken by the defendant.

The record does not disclose what action was taken by the court in respect to the matters excepted to, or that the attention of the court was called to the objectionable parts of the prosecutor's speech. Whatever may be said of the remarks to which exceptions were taken, they were not such an abuse of the prosecutor's privilege that they may not have been set right by proper admonition from the court, at the time.

We find no error which could have prejudiced the substantial rights of the appellant. The judgment is, therefore, affirmed, with costs.

