No. 14,191.

Henry v. The State. ·

INTOXICATING LIQUOR.—*Sale on Sunday.—Sufficiency of Affidavit.—Duplicity.* —An affidavit for selling intoxicating liquor on Sunday, which charges, in substance, that on a certain day, the same being Sunday, the defendant unlawfully sold to named persons a less quantity than a quart of intoxicating liquor, to wit, four gills of beer, for the sum of ten cents, to be drunk as a beverage, is not bad for duplicity as also charging the offence of selling without a license.

SAME.—*Joint Sale.—Sufficiency of Evidence to Establish.*—For evidence held to show a joint sale of intoxicating liquor to two persons, by indirection, see opinion.

Henry v. The State.

Same.—*Name.*— *Variance.*—Where a sale to " John Brown " is charged, and the evidence shows that not to be the true name of such person, but that he had formerly been a slave, belonging to a man named Brown, by which name he had since been known, there is no variance.

From the Marion Criminal Court.

*B. F. Davis* and *W. H. Martz*, for appellant.

*L. T. Michener*, Attorney General, *J. L. Mitchell*, Prosecuting Attorney, and *J. H. Gillett*, for the State.

Niblack, J.—The appellant, Jacob B. Henry, was, upon the affidavit of a police officer, arrested and taken before the mayor of the city of Indianapolis, and there tried and convicted on the charge of having violated the provisions of section 2098, R. S. 1881. He appealed to the criminal court, where a motion to quash the affidavit was first overruled, and he was again tried and convicted of the offence with which he was charged.

Complaint is made here of the overruling of the motion to quash the affidavit, and of the refusal to grant a new trial for the alleged insufficiency of the evidence to sustain the finding of the criminal court.

The affidavit charged that Henry, " on the 10th day of July, in the year eighteen hundred and eighty-seven, at and in the city and county aforesaid (meaning the city of Indianapolis and the county of Marion), did then and there unlawfully sell to Samuel Watts and John Brown a less quantity than a quart of intoxicating liquor, to wit, four gills of beer, for the sum of ten cents, to be drunk as a beverage, said 10th day of July, 1887, being the first day of the week, and commonly called Sunday," as to all which the affiant was informed, and believed to be true.

It is insisted that the affidavit contained what was evidently an attempted charge of selling by retail intoxicating liquor without a license under section 5320, R. S. 1881, and also a charge of having sold that kind of liquor on Sunday

in disregard of the provisions of section 2098, first above referred to, and that, consequently, it was bad for duplicity
under the rules of criminal pleading recognized in the case
of *Knopf* v. *State*, 84 Ind. 316, and other more recent cases.
*Davis* v. *State*, 100 Ind. 154.

The affidavit contained, perhaps, more words than were
necessary for that purpose, but, as we construe its allegations, they constituted only a charge, and, at the same time,
a sufficient charge, of unlawfully selling intoxicating liquor
on Sunday. The motion to quash the affidavit was, therefore, correctly overruled.

It is further insisted that the evidence tended only to prove
two separate sales of beer—one to Watts and the other to
Brown—instead of a joint sale to both as charged. It was
in evidence that Watts and Brown, two colored men, went
out upon one of the streets of the city of Indianapolis on
the afternoon of the 10th day of July, 1887, which was Sunday, in quest of something in the nature of an intoxicating
drink; that they were directed to the appellant's saloon, at
which the front door was closed; that they went into a hall
adjoining the saloon, where they met an old man, who seemed
to have a room in the upper part of the building; that, on
ascertaining what they wanted, the old man invited them upstairs to a room over the saloon; that in that room there was
what appeared to be a peculiar table, but which was in fact
the platform of an elevator or dumb-waiter, which could be
pulled up and down between that room and the saloon below;
that, upon some kind of an intimation from the old man,
Watts and Brown each put ten cents on the dumb-waiter and
stepped into an adjoining room, where they waited a few minutes, during which they heard a creaking as if something was
going down to, and coming back from, the saloon below;
that upon being invited back by the old man, and returning
to the room which they had first entered, they found two
glasses filled with beer, and some cigars, on the dumb-waiter,

instead of the two ten-cent pieces; that they thereupon drank the beer and took the cigars and left.

These facts clearly tended to prove a joint sale to Watts and Brown. There was no separate designation of anything to either one of them. It was simply a sale of a gross amount to both.

It was shown by the evidence that John Brown was not the original and true name of the person referred to by that name in the affidavit, but that this person had formerly been a slave and had belonged to a man by the name of Brown; that in this way he had come to be called, and had accepted the name of, John Brown, by which name he had latterly been known.

It is claimed that these facts established a variance between the affidavit and the evidence as to the name of one of the persons to whom the beer was sold. This claim can not be sustained. It is sufficient to allege the name by which a person is commonly or usually known, though differing from his true or baptismal name; and where a person has or is known by two or more names, he may be described by either, or any one or all of his names. Whart. Crim. Ev., section 95; Roscoe Crim. Ev. 86; 1 Bishop Crim. Proc., sections 488, 681, 686; *Walter* v. *State*, 105 Ind. 589.

Where a person is described as being known by different names, proof of either or any one of such names will be sufficient. Bishop, *supra*, 681.

The evidence was conflicting upon that point, but one witness testified that the appellant was in his saloon when the beer was sold. There was, therefore, in all material respects, evidence tending to sustain the finding of the criminal court. *Showalter* v. *State*, 84 Ind. 562; *Stultz* v. *State*, 96 Ind. 456; *Pierce* v. *State*, 109 Ind. 535.

The judgment is affirmed, with costs.

Filed Feb. 14, 1888.