## THE STATE *v.* McEWEN.

[No. 18,218. Filed November 29, 1898.]

CRIMINAL LAW.—*Instruction.*—*Evidence.*— *Appeal.*— Where the evidence is not in the record, and there is no statement in the bill of exceptions showing that an instruction which the court refused to give to the jury in the trial of a criminal cause was relevant to the evidence, no question is presented thereon for decision in this court. *p. 486.*

SAME.— *Instructions.*— *When Evidence Not in Record.—Appeal.*— Although it is not necessary in appeals by the State in criminal cases to set forth the evidence in full, there must be some statement in the bill of exceptions showing that there was evidence to which instructions offered and refused were relevant, or the court will not pass upon alleged errors in refusing to give same. *p. 486.*

SAME.—*Indictment.—Instruction.—Evidence.*—The name by which a person is commonly known may be employed in an indictment, and it will be good if the proof shows that he is commonly called by that name; but the Supreme Court cannot reverse a cause on an instruction given by the court to the effect that the names of the owners of stolen property must be proved as charged·in the indictment, where the evidence is not in the record. *pp. 486, 487.*

SAME.—*Indictment.—Larceny.—Name of Owner of Property.—Variance.*—In a prosecution for larceny, proof that one of the owners of the stolen property was Franklin A., instead of Frank A., as charged in the indictment, would constitute a fatal variance. *p. 487.*

From the Johnson Circuit Court. *Affirmed.*

*W. A. Ketcham,* Attorney-General, *Alonzo Blair, W. E. Deupree* and *M. L. Herbert,* for State.

*Miller & Barnett* and *William A. Johnson,* for appellee.

McCABE, J.—The appellee was prosecuted for the crime of larceny, in the Johnson Circuit Court, and was acquitted. The State appeals, and assigns as error the refusal to give the following instruction: "I

instruct you gentlemen of the jury, that if the indictment in this cause shows and alleges that the property stolen or alleged to have been stolen was owned at said time by Jackson A. Pruitt and Frank A. Pruitt, and the evidence shows that the property stolen was the property of Jackson A. Pruitt and Franklin A. Pruitt, and that said Franklin A. Pruitt is, and for years has been, known and been doing business in the name of and called himself Frank A. Pruitt, then I instruct you that there would be no variance between the evidence and the allegation of the indictment that would entitle the defendant to an acquittal under the law; but the jury are the exclusive judges of both the law and the evidence."

The evidence is not in the record, nor is there any statement in the bill of exceptions or in the record, showing that this instruction was relevant to the evidence, and hence no question of law is presented for decision. Without some statement of the evidence, we must presume that the instruction was refused because there was no evidence to which it was applicable.

While it is true that it is neither necessary nor proper, in appeals by the State, to set forth the evidence in full, it is also true that there must be some statement in the bill of exceptions showing that there was evidence to which the instructions were relevant. It is a well established principle in appellate procedure that the court will not decide mere abstract questions, and, where there are no facts stated, nothing but abstract questions can in such a case as this arise upon a ruling refusing instructions. *State* v. *Kern,* 127 Ind. 465.

The giving of an instruction is assigned by the State as error, reading as follows: "The names of the persons who are alleged to be the owners of the money

alleged to have been stolen are material allegations of the indictment, and must be proved as charged; so, if you find from the evidence that the name of one of the owners of the money alleged to have been stolen was Franklin A. Pruitt, then you must find the defendant not guilty." The alleged names of the owners of the money alleged to have been stolen are Jackson A. Pruitt and Frank A. Pruitt. If the evidence showed that the name by which Franklin A. Pruitt was commonly known was Frank A. Pruitt, even though Franklin A. Pruitt was his correct name, the instruction was erroneous, because the name by which a person is commonly known may be employed in an indictment, and it will be good if the proof shows that he is commonly known by that name. Bishop's New Criminal Proc., section 686; Wharton's Criminal Evidence, section 95; *Ehlert* v. *State*, 93 Ind. 76; *Henry* v. *State*, 113 Ind. 304, 307; *Walter* v. *State*, 105 Ind. 589; *Kruger* v. *State*, 135 Ind. 573; *Hix* v. *People*, 157 Ill. 382, 41 N. E. 862. But the evidence not being in the record, and no statement therein as to what the evidence showed, we cannot, as the attorney for the State seems to suppose, presume that the evidence showed that Franklin A. Pruitt was commonly known by the name Frank A. Pruitt. In the absence of such evidence or statement in the record, proof that the name of one of the owners of the stolen money was Franklin A. Pruitt instead of Frank A. Pruitt, would be a fatal variance. See the authorities last above cited. Therefore we cannot say that the court erred in giving the instruction. The appeal is not sustained.