THE STATE *v.* BARTLETT.

In criminal, as well as in civil cases, the record, upon a reserved question, must be made up in the lower Court with a view to its being brought to this Court.

The opinion of the Court, in both classes of cases, must be excepted to, and the record must contain so much of the evidence as is essential to a proper understanding of the question in this Court.

On appeal by the state from a judgment for the defendant on quashing or setting aside an information or an indictment—it being an unusual proceeding, in contravention of the common law—the state will be held to great strictness:

The state can bring a reserved question before this Court only by a substantial compliance with the statute.

On a question reserved, where there was not, and could not be, any motion for a new trial, though the entire evidence be correctly set out, it is no part of the record.

And where the record in such case does not contain "so much of the evidence as is necessary to present the question of law," questions arising upon instructions will not be considered.

The proper manner of excepting to the giving or refusal of a series of instructions, is, it seems, to number each, and except to them by reference to their numbers.

To except to the giving of one entire series, and the refusal of another, is bad for inaccuracy.

APPEAL from the *Delaware* Circuit Court.

STUART, J.—Indictment for assault and battery, with intent to commit murder. Trial by jury, and verdict of acquittal.

*Friday, December* 11.

The state appeals. This is expressly provided for in the practice act. Thus: "Appeals to the Supreme Court may be taken by the state in the following cases, and no others:

"*First.* Upon a judgment for the defendant on quashing or setting aside an information or indictment.

"*Second.* Upon an order of the Court arresting the judgment.

"*Third.* Upon a question reserved by the state." 2 R. S. p. 381.

It is elsewhere provided, that the prosecuting attorney may except to any opinion of the Court during the prose-

Nov. Term,
1857.

THE STATE
v.
BARTLETT.

cution of the cause, and reserve the point of law for the decision of the Supreme Court. 2 R. S. p. 377.

It is further provided that the exception must be taken at the time of the decision made. The bill of exceptions must contain so much of the evidence only as is necessary to present the question of law upon which the exceptions were taken. *Id.* 378.

The right of appeal on the part of the state, after a verdict of acquittal, is a new feature, introduced for the first time in the present practice. It is not necessary, in this connection, to notice its limitations and effect. No more is necessary than to inquire whether the case at bar is presented in this Court, in conformity to the statute.

The reserved case here spoken of, in criminal proceedings, does not differ materially as to form from that provided for in the civil practice. In both cases, the record must be made up in the lower Court with a view to its being brought here. It is not enough, in either case, to except to the opinion of the Court; but the record must be made up with so much of the evidence as is essential to a proper understanding of the question in this Court. This is indispensable in reserved questions, whether civil or criminal. We have so decided repeatedly, as to civil cases. *Starry* v. *Winning*, 7 Ind. R. 311. We think the same rule equally applicable to criminal cases.

Tested by this rule, this case does not present any question for our consideration. In an unusual proceeding like this, in contravention of common-law principles, the state will be held to great strictness. She can only bring a reserved question here by a substantial compliance with the statute.

Here, where there was not, and could not be, any motion for a new trial, the entire evidence, even if set out correctly, is no part of the record. *Doe* v. *Herr*, 8 Ind. R. 23, 24.

There were ten instructions, so numbered, given, and seventeen refused. But the record does not purport to contain "so much of the evidence only as is necessary to

present the question of law." In brief, the record is not made up in form to present a reserved question.

There are other points made, or attempted to be made, in relation to the evidence.

The exception is in this form: Immediately after the return of the verdict of acquittal, the record runs—" And the plaintiff excepts, and files the following bill of exceptions." The evidence objected to is then set out. Next in order, the instructions refused, and then those given; and the bill closes thus: "At the time the Court made each one of the foregoing rulings and decisions, the state, by her prosecutor, objected and excepted, and reserved the questions raised thereon for the decision of the Supreme Court."

Such a mode of reserving questions for review here, is not in conformity to the statute, and cannot be encouraged. *Leyner* v. *The State*, 8 Ind. R. 490. See, also, *Jones* v. *Van Patten*, 3 Ind. R. 107, and authorities there cited; *Stump* v. *Fraley*, 7 *id.* 679; *Corey* v. *Rhineheart*, *id.* 290; 2 R. S. p. 161, s. 568; *Jolly* v. *The Terre Haute Drawbridge Co.*, at the present term, and the cases cited (1).

The proper practice is, to except to the opinion of the Court in giving instruction number 2 or number 10; or in refusing to give instructions asked, numbered 1 or 17, &c. To say, at the close of a bill of exceptions, that the party excepts to the opinion of the Court in giving a series of instructions consisting of ten distinct propositions, and refusing to give another series consisting of seventeen distinct propositions, lacks that precision and accuracy, so essential in legal proceedings, especially in the higher Courts. It violates alike the spirit and the letter of the new practice.

*Per Curiam.*—The appeal is dismissed.

*A. J. Neff* and *W. March*, for the state.

*J. S. Buckles*, for the appellee.

(1) *Ante*, 417.