## THE STATE *v.* HARPER.

CRIMINAL LAW.—*Practice.*—*Bill of Exceptions.*—A bill of exceptions in a criminal case must be made out and presented to the judge at the time of the trial, or within the time fixed, during the term, and signed by the judge and filed with the clerk.

ASSIGNMENT OF ERROR.—" The court erred in acquitting the defendant and rendering judgment of acquittal," is not a proper assignment of error.

APPEAL from the Tipton Common Pleas.

DOWNEY, J.—This was an information for malicious tres-

pass. The defendant, on arraignment, after an unsuccessful motion to have the information quashed, pleaded not guilty. There was a trial by the court without a jury, and the defendant was acquitted.

The cause was tried September 6th, 1871. On the 14th day of the same month, the prosecuting attorney prayed an appeal to this court; and thirty days were given by the court in which to perfect the appeal. On the 12th day of October, in the same year, in vacation, a bill of exceptions was filed by the prosecuting attorney. The evidence is not set out in the bill of exceptions, but where it should appear, a place is indicated for it by the use of the words, "Here insert." The bill of exceptions speaks of a finding by the court, and a place for it is also indicated in the bill of exceptions, but it is not set out.

The only error assigned is, that "the court erred in acquitting the defendant and rendering final judgment of acquittal."

It is expressly provided by statute that the bill of exceptions in a criminal case must be made out and presented to the judge at the time of the trial, or within such time thereafter, during the term, as the court may allow, signed by the judge, and filed by the clerk. The exception must be taken at the time of the decision. 2 G. & H. 420, sec. 120. This bill of exceptions was not filed during the term, but afterward, in vacation, and does not contain anything. The case was not prepared according to section 119, 2 G. & H. 420. The assignment of error is not such, if the record were properly made up in the common pleas, as to present any legal question for our decision. See *The State* v. *Bartlett,* 9 Ind. 569; *The State* v. *Ely,* 14 Ind. 291.

The appeal is dismissed.

*J. W. Robinson* and *B. W. Hanna,* Attorney General, for the State.