No. 9680.

NIXON v. THE STATE.

INTOXICATING LIQUORS.—*Sale for Medicinal Purposes.*—A *bona fide* sale of intoxicating liquors for medicinal purposes is not a violation of any of the provisions of the statute regulating the sales of such liquors.

From the Henry Circuit Court.

*J. H. Mellett, E. H. Bundy* and *W. O. Barnard*, for appellant.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *C. M. Butler*, Prosecuting Attorney, for the State.

HOWK, J.—In this case, the appellant was duly indicted for the unlawful sale to one Elwood Moore of certain intoxicating liquors, to wit, one half-pint of whisky, for the sum of twenty-five cents. Upon arraignment and a plea of not guilty, the issues joined were tried by the court, and a finding was made that the appellant was guilty as charged, and assessing his punishment at a fine in the sum of twenty dollars, and over his motion for a new trial, and his exception saved, the court rendered judgment on its finding.

The decision of the court in overruling his motion for a new trial is the only error assigned by the appellant, in this court. The principal questions presented for our decision are these: Does the evidence in the record sustain the court's finding? and is the appellant's conviction in accordance with law?

We will set out the evidence in full, as it appears in the record, as follows: Elwood Moore, being duly sworn, testified as follows, to wit:

"I reside in Spiceland, Indiana; am acquainted with the defendant, Nixon; bought a half-pint of whisky of him, on or about the 10th day of February, 1881. Paid him twenty-five cents for it. This was in Henry county, Indiana." Plaintiff rests.

John B. Elliott, being duly sworn, testified as follows, to

wit: "My name is John B. Elliott; reside near Spiceland; I am acquainted with the prosecuting witness; have known him for several years; am acquainted with Nixon, the defendant; I was in his drug store when Moore came in with a half-pint bottle and said he wanted it filled with whisky. Mr. Nixon, defendant, said: 'Have you got the measles at your house?' (Nearly every one had measles at that time in Spiceland.) Mr. Moore said, 'No.'. Then, Mr. Nixon said to him, 'Do you want the whisky to use as medicine?' And Mr. Moore said, 'Yes, I want it for medicine.'"

Oliver H. Nixon, being duly sworn, testified as follows, to wit: "I am defendant; reside in Spiceland; I am a druggist; some time on or about the 10th day of February, 1881, Elwood Moore came into my store with a half-pint bottle, and said he wanted me to fill it with whisky. I said, 'Have you got the measles at your house?' He said, 'No.' I then said, 'Do you want the whisky to use for medicine?' He said, 'Yes, I want it for medicine.'"

Cross-examined: "I never sold to Moore any other time, except when Dr. Bailey was with him and told me to give him whisky. I gave it to Dr. Bailey, and he gave it to Moore."

Elwood Moore, recalled, testified as follows, to wit: "I used the whisky I bought of Nixon for medicine; bought it for medicinal purposes; I did not buy it to drink; at the time I bought the liquor there was no sickness in my family." "Were you not expecting your wife to be confined in a few days?" "No, sir, not that soon. I bought it to use for whatever sickness might come up in my family."

Cross-examined: "I didn't have any immediate use for the whisky, when I bought it."

By the court: "You say, when you bought the whisky, you had no immediate use for it?" "Yes, sir, I said that.' Did you anticipate any use for it?" "Yes, I anticipated my wife's confinement, and wanted it for that and any other

sickness that might happen in my family; but, when I bought it I had no use for it, and only bought it to have it in my family if I should want to use it for any purpose.''

"And this was all the evidence given in the case.''

Upon the foregoing evidence, we are of the opinion, that the appellant was not guilty of an unlawful sale of intoxicating liquor, as charged in the indictment; and that the court, therefore, erred in overruling his motion for a new trial. It is true that the statute, under which the appellant was indicted, contains no exceptions authorizing the sales of intoxicating liquors, without license, for medicinal, chemical or sacramental purposes. But it has always been held by this court, in construing similar statutes, that the courts will except, from the prohibitory or penal provisions of the statute, all *bona fide* sales of such liquors for such purposes. *Donnell* v. *The State,* 2 Ind. 658; *Thomasson* v. *The State,* 15 Ind. 449; *Jakes* v. *The State,* 42 Ind. 473; *Ball* v. *The State,* 50 Ind. 595; *Hooper* v. *The State,* 56 Ind. 153.

It will be seen from the evidence, in this case, which we have set out at length, as it appears in the record, that the appellant sold the half-pint of whisky, on which the indictment is predicated, for medicinal purposes and for none other. He sold the whisky for medicine, in the line of his business as a druggist, and the prosecuting witness bought it for medicine, in anticipation of his wife's confinement. There is not a particle of evidence in the record to impeach the appellant's absolute good faith in the sale of the whisky, for medicinal purposes; and if there was anything in or about the sale, which tended to show bad faith, either in the appellant or in the prosecuting witness, the State's attorney seems to have been unfortunate in his failure to get evidence of the fact in the transcript. Not only so, but when the appellant offered to prove on the trial, for the purpose of removing even a suspicion, if any existed, of the bad faith of the prosecuting witness in the purchase of the

whisky, that he was not in the habit of drinking whisky, on the State's objection, the evidence was excluded.

This is not a case of conflicting evidence ; but it seems to us, there is a total failure of evidence to show an unlawful sale by the appellant of intoxicating liquor, in a quantity less than a quart, as charged in the indictment.

The court erred, we think, in refusing the appellant a new trial.

The judgment is reversed, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.