No. 11,667.

## BARTON v. THE STATE.

INTOXICATING LIQUOR.—*Sale by Druggist on Sunday.*—A druggist is liable to fine for selling liquor on Sunday to a person without a physician's prescription, although the liquor may be purchased and used for medicinal purposes, and this fact is known to the druggist at the time of the sale.

From the Rush Circuit Court.

*J. W. Study,* for appellant.

*F. T. Hord,* Attorney General, *M. D. Tackett,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ZOLLARS, C. J.—Appellant was convicted upon a charge of having sold intoxicating liquor on Sunday to a person who did not have a written prescription therefor from a practicing physician, as required by section 2099, R. S. 1881.   There is

no controversy about the facts. The evidence shows that appellant was a physician and druggist; that as such druggist he sold the liquor on Sunday to a person who did not have such a prescription; that the liquor was purchased for and used by the wife of the person purchasing it for medicinal purposes; that appellant was informed at the time that it was wanted for his wife to be used for such purposes; that he knew that she was a person of a nervous temperament, and in the habit of using quinine and whiskey. In this instance, however, there was no quinine in the liquor. The evidence thus clearly brings the case within the letter of the statute.

Appellant contends, however, that as the liquor was sold in good faith for medicinal purposes, the case is not within the spirit of the law. In support of this contention, we are cited to the case of *Nixon* v. *State*, 76 Ind. 524, as being conclusive.

That was a prosecution against a druggist for having sold intoxicating liquors without a license. The court followed previous cases, in excepting from the operation of the statute requiring a license, sales made in good faith for medicinal purposes.

The spirit and intent of the statutes requiring a license to sell intoxicating liquors were to regulate and curtail the sale of such liquors, and lessen intoxication, and not to prohibit the sale for medicinal purposes. The case of *Nixon* v. *State*, *supra*, and the cases there cited, rest upon this interpretation.

This reasoning can not be applied to the case before us. The purpose of sections 2098 and 2099, R. S. 1881, is to protect the Sabbath day, and the other days therein named, from the evils that might result from the sale of intoxicating liquors. The section is an absolute inhibition upon the sale of such liquors on the days named, to be drunk as a beverage.

It seems to recognize the right of druggists to sell such liquors for medicinal purposes, but imposes a condition upon such sales on Sunday and the other days named, and that is, that the sale shall be made only to those who may have procured a written prescription therefor from a regular

practicing physician of the county. The intention is to prohibit the sale on those days except in cases of sickness. And in order that this intention shall not be thwarted by feigned sickness, the prescription is required; and that there may be no imposition here, the physician must be a regular practicing physician; and still further to guard against imposition, the physician must be of the county where the liquor is to be sold, so that the druggist and the authorities may the more likely have a personal acquaintance with him. This condition is the barrier erected about the sale by druggists on those days. To hold that the sale may be made on those days without the prescription, would be to override and break down that barrier. Such a holding would be in conflict with both the spirit and letter of the statute. It would carry us beyond the boundaries of interpretation and construction, into the domain of legislation.

The argument, that cases of emergency may arise where it may be inconvenient, if not impossible, to procure such a prescription in time to prevent serious consequences, may have force when addressed to legislators, but it can not be controlling with courts, whose duty it is declare the law as enacted by the law-making branch of the government.

The judgment is affirmed, with costs.

