Tilford v. The State.

No. 13,502.

## TILFORD v. THE STATE.

INTOXICATING LIQUOR.—*Druggist.* — *Physician.* —*Sale on Sunday.*-—*Written Prescription.*—A sale of intoxicating liquor on Sunday, by a druggist, without a written prescription, is an offence under section 2099, R. S. 1881, although the druggist is himself a physician.

From the Morgan Circuit Court.

*L. Ferguson* and *C. G. Renner,* for appellant.

*L. T. Michener,* Attorney General, and *W. B. Hord,* for the State.

ELLIOTT, C. J.—The statute makes it an offence for " any druggist or druggist's clerk " to sell liquor on Sunday, " unless the person, to whom the same is sold,   *   *   shall have first procured a written prescription therefor from some regular'practicing physician of the county." R. S. 1881, section 2099.

In *Barton* v. *State,* 99 Ind. 89, it was held, in a carefully considered and well written opinion, that the provision of the statute requiring a written prescription is imperative, and we can see no possible reason for departing from that opinion, for it gives just effect to the words of the statute, prevents abuses, and produces a wholesome result.

In this case there was no written prescription from any physician, and we can not hold the appellant excused upon the ground that he was himself a physician. The statute makes no exceptions, and the court can not create them except in very clear cases and where there is an imperious necessity, and then only in order to prevent manifest injustice. *Eastman* v. *State, ante,* p. 278.

A person who sells in defiance of the provisions of the law does so at his peril. It is possible that there may be cases of urgent necessity demanding immediate action, where a druggist would be held excused for selling liquor without a " written prescription," but this is not such a case ; on the contrary, the evidence impresses us with the belief that the liquor was

not sold exclusively for medicinal purposes, for no medical examination was made, and no necessity shown for selling the liquor in violation of law.

There is a reason, and a solid one, for requiring a "written prescription," for it is evidence of a tangible and lasting form, and it puts a professional man upon record as having deliberately advised a patient to buy, and a druggist to sell, liquor on Sunday. It is an effective means of preventing abuses, and is quite as important in a case where the druggist is himself a physician as in any other. But we need not pursue the discussion further, for the statute says there must be a "written prescription," and it is the duty of everybody, physicians as well as any one else, to obey the law.

Judgment affirmed.

Filed Feb. 2, 1887.