COMMONWEALTH *vs.* CHARLES W. PERRY.
SAME *vs.* JAMES H. FROST.
SAME *vs.* WILLIAM B. FLETCHER.

Middlesex.    November 26, 1888. — January 1, 1889.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Retail Druggist — Sale by Clerk — Burden of Proof.*

The burden of proof is upon a retail druggist, proceeded against criminally for making a sale of pure alcohol, to show that the sale was lawfully made within the St. of 1887, c. 431, § 2.

On a complaint against a retail druggist for keeping a common nuisance under the Pub. Sts. c. 101, §§ 6, 7, there was evidence of a sale of pure alcohol as well as of other intoxicating liquor by his clerk in the regular course of business. *Held,* that a jury would be warranted in finding that the sales were authorized by the defendant, and that in the absence of explanatory evidence the sales must be deemed to be illegal.

THREE COMPLAINTS for keeping and maintaining common nuisances, to wit, certain tenements used for the illegal sale and keeping for sale of intoxicating liquors.

At the trial of each case in the Superior Court, on appeal, before *Thompson*, J., one Dickerson, a constable called as a witness by the government, testified that within the time covered by the complaint he went to the store of the defendant, who carried on the business of a druggist in Natick, and in the defendant's absence purchased of a clerk in his employment half a pint of pure alcohol, and that he had the same put into a bottle in which he had put a colored mixture for the purpose of diverting the clerk's attention and putting him off his guard so that he would sell the alcohol.

In the first case, one Nason, the chief of police of Natick, testified, for the government, that during the time alleged he visited the store of the defendant and was shown by him his book of prescriptions, in which was a prescription signed by a resident physician for some whiskey; that the physician's wife upon presenting it obtained the whiskey ; and that, according to his recollection, the defendant told him that his clerk filled the prescription.

In the second case, one Stevens, a government witness, testified that during the time alleged he obtained a half-pint of alcohol at the store of the defendant for medicinal purposes, but did not recollect of whom he purchased it, and that at the same time he procured other ingredients to mix with the alcohol.

In the third case, one Adams, a witness called by the government, testified that within the time covered by the complaint he obtained at the store of the defendant, during the latter's absence, ten cents' worth of alcohol to use in dissolving shellac for the repairing of furniture in his business, and that, as he remembered, he obtained it of the defendant's clerk.

This was all the evidence given at the trials, and the judge refused to rule, as requested by the defendants, that the whole evidence in each case was not sufficient, as matter of law, to warrant a finding that the defendants were guilty.

The jury in each case returned a verdict of guilty; and each defendant alleged exceptions.

*H. L. Sleeper*, for the defendants.

*A. J. Waterman*, Attorney General, *&* *H. C. Bliss*, Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.    In each of these three cases the only question is whether there was sufficient evidence to warrant a verdict of guilty.

The testimony of the witness Dickerson was substantially the same in each.    It tended to show a sale of pure alcohol made by a clerk of the defendant in the regular course of the defendant's business.    That was sufficient to warrant a finding that the sale was authorized by the defendant.    *Commonwealth* v. *Holmes*, 119 Mass. 195.    *Commonwealth* v. *Briant*, 142 Mass. 463.    *Commonwealth* v. *Locke*, 145 Mass. 401.    Under the St. of 1887, c. 431, § 2, a sale of alcohol by a druggist can lawfully "be made only upon the certificate of the purchaser, which certificate shall state the use for which the same is wanted, and shall be immediately cancelled at the time of such sale in such manner as to show the date of cancellation."    *Commonwealth* v. *Pierce*, 147 Mass. 161. If the sale testified to was lawfully made under this statute, the burden of proof was upon the defendant to show it.    *Commonwealth* v. *Carpenter*, 100 Mass. 204.    *Commonwealth* v. *Kennedy*, 108 Mass. 292.

In each of the cases there was also evidence from another witness of another sale, which the jury might have found to have been authorized by the defendant, and which, in the absence of explanatory evidence from him, must be deemed to have been illegal.    The cases were rightly submitted to the jury, and the entry in each of them must be        *Exceptions overruled.*