No. 15,277.

## EDWARDS v. THE STATE.

INTOXICATING LIQUOR.—*Sale by Druggist on Sunday.— Prescription.—Evidence.*—Where the defendant was charged, under section 2099, R. S. 1881, with having, on Sunday, March 10th, 1889, sold to a certain person, for a price named, one pint of intoxicating liquor, the said person not having procured a written prescription therefor from a regular practicing physician of the county where the sale was made, it was proper to refuse to admit in evidence the following prescription: "Pleasantville, Ind., March 4th, 1889. *John W. Edwards*—Let Benj. Howard (the person to whom the sale was made) have ½ pint of whiskey and glycerine for medicinal purposes. Repeat as needed. Wm. A. Fleming;" also, to refuse to permit the defendant to show that the sale was made in good faith for medicinal purposes. A prescription to justify a sale on Sunday must be explicit in its terms, and have reference to being filled on that day.

SAME.—*Sale in Good Faith or for Medicinal Purposes.—Effect of.—Burden of Proof.*—In a prosecution for the violation of section 2099, R. S. 1881, it is no defence that the liquor is sold in good faith for medicinal purposes. Every sale of intoxicating liquor on Sunday is *prima facie* unlawful. The burden of showing such sale to be lawful rests upon the person making the sale, and the statute contemplates that such proof shall be in writing.

From the Sullivan Circuit Court.

*G. W. Buff* and *J. S. Bays,* for appellant.

*L. T. Michener,* Attorney General, *J. H. Gillett, W. C. Hultz,* Prosecuting Attorney, and *O. B. Harris,* for the State.

COFFEY, J.—The appellant was prosecuted in the Sullivan

Circuit Court upon a charge of selling intoxicating liquors in violation of the statutes of the State. The indictment is in two counts.

The first count is based on section 5320, R. S. 1881, and charges the appellant with selling to Benjamin Howard, on the 10th day of March, 1889, intoxicating liquor in a less quantity than a quart at a time without a license so to do.

The second count is based on section 2099, R. S. 1881, and charges that the appellant, being a druggist, on the 10th day of March, 1889, the same being the first day of the week, commonly called Sunday, sold to Benjamin Howard one pint of intoxicating liquor at and for the price of fifty cents, the said Howard not then and there having procured a written prescription therefor from some regular practicing physician of said county of Sullivan.

Upon a trial by jury the appellant was acquitted on the first count in the indictment, but was found guilty under the second count and fined.

Over a motion for a new trial the court rendered judgment on the verdict.

On the 4th day of March, 1889, Benjamin Howard procured the following prescription, viz.:

"PLEASANTVILLE, IND., March 4th, 1889.

" *John W. Edwards*—Let Benj. Howard have ½ pint of whiskey and glycerine for medicinal purposes. Repeat as needed.                     WM. A. FLEMING."

This prescription having been presented to the appellant, near its date, was filled by him. On the trial of this cause, after proof that William A. Fleming was a regular practising physician, the appellant offered said prescription in evidence, and offered to prove that the sale with which he is charged in the second count of the indictment, was made under this prescription. To this offered evidence the court sustained an objection. The appellant, also, offered to prove that the physician who gave Howard the prescription, told him between the 4th and 10th of March to continue the prescrip-

tion until he ordered a change ; but the court refused to allow this offered testimony to go to the jury. The appellant, also, offered to prove that Howard was afflicted with a throat trouble, and that whiskey and glycerine was a proper medicine for him, and that the sale with which he is charged was made in good faith, for medicinal purposes, but the court sustained an objection to this offered testimony, and the appellant excepted.

The court instructed the jury that to justify a sale of intoxicating liquor on Sunday by a druggist, that the prescription must be presented at the time of the sale.

The motion for a new trial and the assignment of error call in question the correctness of the above several rulings of the Sullivan Circuit Court.

As the appellant was acquitted on the first count of the indictment, it is not necessary to give it any further consideration ; indeed, it is to be inferred from the record that the State, on the trial, relied wholly upon the charge contained in the second count.

Section 2099, supra, provides that it shall be unlawful for any druggist or druggist's clerk to sell, barter or give away any spirituous, vinous, malt, or other intoxicating liquors on Sunday ; or upon the fourth day of July, the first day of January, the twenty-fifth day of December (commonly called Christmas), Thanksgiving day, or any holiday ; or upon the day of any State, county, township, primary or municipal election in the township, town or city where the same may be holden ; or between the hours of eleven o'clock P. M. and five o'clock A. M. of any day, unless the person to whom the same is sold, bartered or given shall have first procured a written prescription therefor from some regular practicing physician of the county where the same is so sold, bartered or given away.

In a prosecution for the violation of this statute, it is no defence that the liquor was sold in good faith for medicinal purposes. It was so decided by this court in the case of

*Barton* v. *State,* 99 Ind. 89, and in the case of *Tilford* v. *State,* 109 Ind. 359.

In the case first cited ZOLLARS, C. J., in a carefully prepared opinion, says: "The purpose of sections 2098 and 2099, *supra,* is to protect the Sabbath day, and the other days therein named, from the evils that might result from the sale of intoxicating liquors. The section is an absolute inhibition upon the sale of such liquors on the days named, to be drank as a beverage. It seems to recognize the right of druggists to sell such liquors for medicinal purposes, but imposes a condition on such sales on Sunday, * * * and that is, that the sale shall be made only to those who may have procured a written prescription therefor. * * * The intention is to prohibit the sale on those days except in case of sickness. And in order that this intention may not be thwarted by feigned sickness, the prescription is required."

In the last case cited ELLIOTT, C. J., says: "There is a reason, and a solid one, for requiring a 'written *prescription,*' for it is evidence of a tangible and lasting form, and it puts a professional man upon record as having deliberately advised a patient to buy, and a druggist to sell, liquor on Sunday. It is an effective means of preventing abuses, and is quite as important in a case where the druggist is himself a physician as in any other."

The prescription offered in evidence is somewhat vague and uncertain in its terms. It prescribes whiskey and glycerine, but gives no directions as to the proportions in which they are to be mixed. It directs the druggist to "repeat as needed," thus leaving it to his discretion to determine when the patient will be in a condition to require another half pint. There is no direction as to how frequently or in what quantities it shall be taken, but all is left to the judgment of the patient. But whatever else may be said of this prescription it can not be said that it advises the patient to buy, or the druggist to sell, on Sunday.

In addition to what was said in the two cases above cited,

it may be remarked that, *prima facie*, every sale of intoxicating liquor on Sunday, and the other days named in the statute, is unlawful. The burden of showing such sale to be lawful rests upon the person making the sale, and the statute contemplates that such proof shall be in writing. To permit it to be made in any other way would throw open the door to evasions of the plain provisions of the statute. It will be observed that the prescription offered in evidence was given six days before the sale for which the appellant was prosecuted. If this were a prosecution for selling without license, on a week day, and the question involved was one of a sale in good faith for medicinal purposes, this prescription would, perhaps, be strong evidence in the appellant's favor; but, in our opinion, it was no justification of a sale made on Sunday, six days after its date. There is no excuse given, nor was any offered, for not renewing the prescription, if it had been necessary, during a week-day, and when it was offered as evidence to justify a sale on Sunday, under the circumstances in this case, we do not think the court erred in its exclusion.

It may not be necessary, in all cases, to present the written prescription at the time of the sale, but in this case there is no dispute as to the facts. The verdict was clearly right under the facts as disclosed by the evidence, and as admitted by the appellant.

Judgment affirmed.

Filed Jan. 14, 1890.