Caldwell v. The State.

---

## CALDWELL v. THE STATE.

[No. 2,235. Filed April 7, 1897. Rehearing denied June 8, 1897.]

INTOXICATING LIQUORS.—*Sale by Druggist on Sunday.—Prescription.* —A writing purporting to be signed by a physician, which rendered in English is "R. whiskey, one quart, for medical use," not addressed to any one, and not containing the name of the patient to whom the liquor is to be sold, nor the manner of its use, nor a

Caldwell *v.* The State.

request that the sale be made on Sunday, is not a prescription within the meaning of section 2195, Burns' R. S. 1894, which makes it an offense for a druggist to sell liquor on Sunday, except upon the presentation of a prescription from some regularly practicing physician. *pp. 50, 51.*

SAME.—*Sale by Druggist on Sunday.*—*Prescription.*—The fact that a prescription is sufficient to inform a druggist of the goods desired, and in form, according to the United States Dispensatory, does not necessarily render it sufficient to comply with the requirements of section 2195, Burns' R. S. 1894, prescribing that sales of liquor made on Sunday by a druggist must be upon written prescription. *p. 52.*

SAME.—*Illegal Sale by Druggist.*—*Intoxication of Buyer.*—*Evidence.* —On the trial of a druggist charged with selling intoxicating liquor on Sunday, without the authority of a prescription from a practicing physician, evidence that the buyer of the liquor was intoxicated on the day the liquor was sold is irrelevant. *p. 52.*

From the Morgan Circuit Court. *Affirmed.*

*Oscar Matthews*, for appellant.

*W. A. Ketcham*, Attorney-General; *Merrill Moores, J. W. Williams* and *J. E. Sedwick*, for State.

COMSTOCK, C. J.—The appellant was prosecuted in the court below upon affidavit and information charging him with having sold intoxicating liquor in violation of section 2195, Burns' R. S. 1894 (2099, R. S. 1881), which makes it an offense for "any druggist or druggist's clerk to sell, * * * liquor on Sunday; * * * unless the person, to whom the same is sold, * * * shall have first procured a written prescription therefor from some regularly practicing physician of the county."

A motion to quash the affidavit and information was overruled and exception taken. There was a trial by jury, resulting in the conviction of defendant. Appellant's motion for a new trial was overruled, and the errors assigned are: (1) The overruling of appel-

lant's motion to quash the affidavit and information; (2) in overruling appellant's motion for a new trial. The appellant waives the first assignment of error by failing to discuss it.

Upon the trial in the court below, the sale of the liquor charged was admitted. The appellant claimed that he sold the same upon a written prescription of a regular practicing physician of the county wherein the sale was made.

The errors claimed under the second assignment depend upon the sufficiency of what appellant denominates a "prescription." If this prescription is not sufficient under the statute, the other errors assigned are, in our opinion, immaterial.

At the proper time appellant offered in evidence as a prescription, the following writing: "B. W. Tilford, druggist, Martinsville, Ind. R. Spt. Frumenti Qt. 1. For medical use. Date, Nov. 10, 1895. B. W. Tilford, M. D."

To the introduction of which the court sustained the objection of the State. This ruling is assigned as one of the grounds of the motion for a new trial.

The Century Dictionary and other recognized authorities define the word "prescription" to mean, "In medicine, a statement usually written of the medicines or remedies to be used by a patient, and the manner of using them."

The prescription in question is not addressed to any one. It does not contain the name of the patient to whom the liquor is to be sold nor the manner of its use.

In *Edwards* v. *State*, 121 Ind. 450, which was a prosecution for a violation of the section of the statute we are now considering, the court below sustained an objection to the introduction in evidence by the defendant of the following prescription: "John W. Edwards—Let Benj. Howard have 1-2 pint of whiskey

and glycerine for medicinal purposes. Repeat as needed. Wm. A. Fleming."

In passing upon that branch of the case, the Supreme Court says: "The prescription offered in evidence is somewhat vague and uncertain in its terms. It prescribes whiskey and glycerine, but gives no directions as to the proportions in which they are to be mixed. * * * There is no direction as to how frequently or in what quantities it shall be taken, but all is left to the judgment of the patient. But whatever else may be said of this prescription, it cannot be said that it advises the patient to buy, or the druggist to sell, on Sunday."

The prescription in *Edwards* v. *State, supra,* is certainly much more definite than the one in the case at bar, which, rendered in English, is "R. Whiskey, one quart, for medical use." It does not request the sale on Sunday, nor to any particular person.

The statute makes any sale of intoxicating liquor on the prohibited days *prima facie* unlawful. The burden of showing such sale to be lawful rests upon the party making it, and this proof is to be in writing, that the statute may not be evaded.

It has been held by the Supreme Court, that in a prosecution for the violation of this statute it is no defense that the liquor was sold in good faith for medicinal purposes, if not sold upon a written prescription. See *Edwards* v. *State, supra.*

In *Barton* v. *State,* 99 Ind. 89, Zollars, C. J., speaking for the court, says: "The purpose of sections 2098 and 2099, R. S. 1881, is to protect the Sabbath day, and the other days therein named, from the evils that might result from the sale of intoxicating liquors. The section is an absolute inhibition of the sale of such liquors on the days named, to be drank as a beverage.

"It seems to recognize the right of druggists to sell

such liquors for medicinal purposes, but imposes a condition on such sales on Sunday, * * * and that·is, that the sale shall be made only to those who have procured a written prescription therefor."

Holding as we do that the prescription was not admissible,it is immaterial whether the physician who wrote it was a regularly licensed and practicing physician, and it was not error to refuse to admit the evidence to prove such facts. Nor, in view of the opinion of the Supreme Court in *Edwards* v. *State, supra,* upon the prescription in that case set out, do we think it error to exclude the testimony of John M. Carleton, a competent witness called by the defendant to testify that the prescription in question was prepared according to the United States Dispensatory, and that it was in the ordinary form used by the medical profession of the county. A prescription may be sufficient to inform a druggist of the goods desired, and be in that sense, · according to the United States Dispensatory, and not be sufficient to comply with the requirements of the statute enacted to prevent the sale of intoxicating liquor on certain days.

The case below was tried and determined upon the question whether appellant made the sale charged, upon a prescription upon which he relied for his defense.

The State was permitted, over appellant's objection to prove that the person to whom the liquor was sold was intoxicated on the day the sale was made. The sale having been made without the prescription required by the statute, the condition after the sale, of the purchaser, as to intoxication or sobriety was irrelevant. Upon all the evidence,·in our opinion the judgment of the court was correct. The appellant was not, therefore, harmed by the admission of this evidence.

There is no error for which the judgment of the court below should be reversed.

Judgment affirmed.