KYLE v. THE STATE.

[No. 2,408.    Filed September 15, 1897.]

INTOXICATING LIQUOR.—*Gift of Liquor by Druggist Without Prescription.—Evidence.*—In the prosecution of a druggist for giving away intoxicating liquor without a prescription, in violation of section 9½ of the act of March 11, 1895, it was shown that a practicing physician came into defendant's store and behind the prescription case where defendant and prosecuting witness were, and while the defendant was only a few feet away, and where he could see all that was done, the physician poured from a flask two glasses of whisky, one of which he drank, the other he gave to prosecuting witness, and at once the physician and prosecuting witness left the store. Within a few minutes defendant found lying upon his prescription case what purported to be a prescription, signed by the physician, for whisky for prosecuting witness, which defendant filed with other prescriptions, and charged the liquor to the physician. *Held*, that the evidence authorized the jury to conclude that the gift was made with the defendant's consent. *pp. 136–138.*

SAME.—*Gift of Liquor by Druggist.—Prescription.*—Under section 9½ of the act of March 11, 1895, providing that druggists shall sell intoxicating liquor in less quantities than a quart at a time, only upon prescription signed by a regular practicing physician, a prescription addressed to no one, and made for a "sufficient quantity" is not a compliance with the statute. *pp. 139, 140.*

From the Grant Circuit Court.   *Affirmed.*

*W. M. Amsden,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *Elias Bundy,* for State.

Robinson, J.—Appellant was convicted of giving away intoxicating liquor in a drug store without a prescription. He assigns as error the overruling of his motion for a new trial. A new trial was asked on the gounds that the verdict was contrary to the law and evidence, and was not sustained by sufficient evidence.

The section of the statute upon which the prosecution is based reads: "It shall be unlawful for any spirituous, vinous, or malt liquors to be sold or given away in any drug store in any quantity less than a quart at a time, except on the written prescription of a reputable practicing physician. Any person violating any of the provisions of this section shall be fined," etc. Acts 1895, p. 248, sec. 9 1-2.

The evidence shows that appellant was in charge of his drug store at the date charged in the indictment, and that he was in the store at the time. In the rear end of the store, about ten or twelve feet from the rear wall, was a prescription case. A door led from the rear end of the room into an adjoining wareroom. While appellant was engaged in sweeping the store, and was near the case and this back door, he saw the prosecuting witness, Morgan, go behind the case, and begin blacking his shoes. Shortly afterwards, and while appellant was still engaged in the rear part of the store, A. E. Welker, a practicing physician, came in and went behind the case, and poured from a flask two glasses of whiskey, drinking one himself, and handing the other to the prosecuting witness, which the witness drank. Welker and the prosecuting wit-

ness at once left the store and within a few minutes appellant found on the prescription case the following: "R. For B. Morgan. Spts. Fermenti q. s. Take as directed. A. E. Welker. Gas City, Feby. 16, 1896."

The liquor was not paid for at the time, but was charged to Welker, who had an account at the store.

It is contended that the evidence fails to show a gift by the appellant, and that if there was a gift of liquor to any one, appellant is protected by the prescription.

If appellant was present, and knew at the time that Welker gave the whiskey to Morgan, he became a party to a misdemeanor. It is an elementary principle that all persons who participate in an act or transaction which is a misdemeanor, are alike guilty.

It is true, there is no direct evidence that appellant knew at the time that the gift was made by Welker to Morgan. Morgan testified that appellant was within three or four feet of Welker, and could have seen and heard what was going on; that there was nothing to prevent his seeing and hearing. Appellant does not deny this, and admits he saw Welker and Morgan in the store, and that at the time he was engaged near the rear door back of the prescription case, and that within three or four minutes after they went out he went to the case, and found the prescription, which he placed on a hook with other prescriptions. No other persons were in the store at the time. Appellant may not have actually seen what took place, and it may have been done without his knowledge or consent, but the facts are sufficient to warrant the jury in inferring that the manner in which the gift was made was resorted to for the purpose of evading the statute.

When the State had shown that a gift of intoxicating liquor had been made in appellant's drug store while the appellant himself was present in the drug store, and only a few feet away, with nothing to pre-

vent him from seeing and hearing what was going on, and that within two or three minutes afterwards appellant found on the case a paper calling for whiskey, which he placed on a hook with other prescriptions, such facts were presented as authorized the jury to conclude that the gift was made with appellant's consent. The statute does not contemplate that a druggist may give parties permission to go to his prescription case and get what they want while he is only a few feet away, and makes no effort to see or learn what the parties are doing, and then escape the penalty of a statute on the pretense that he did not know what was going on. *Stultz* v. *State,* 96 Ind. 456; *Pierce* v. *State,* 109 Ind. 535; see, also, *Voght* v. *State,* 124 Ind. 358; *Topper* v. *State,* 118 Ind. 110; *Dant* v. *State,* 83 Ind. 60.

It is evident that the legislature intended by the section of the statute above quoted to absolutely inhibit the sale or gift of intoxicating liquors in drug stores to be drunk as a beverage, and that all sales or gifts in drug stores should be made only for medical purposes, and upon a physician's written prescription.

The statute has made complete provision for the manner in which intoxicating liquor to be drunk as a beverage may be sold or given away. A sale or gift for such use in any other manner is a violation of law. The statute has recognized the necessity of providing for sales or gifts of liquor in drug stores to be used for medical purposes, and has provided that it can be had for this purpose only through a reputable practicing physician. A druggist is not authorized to sell or give away intoxicating liquor in any quantity less than a quart at a time, except upon a written prescription stating for whom the liquor is intended, the quantity desired, the manner in which it is to be used, and signed by a reputable practicing physician. The pre-

scription is the druggist's authority for making the particular sale or gift, and when such a prescription has been used it has performed its purpose, and a second sale or gift upon the same prescription is, in effect, a sale or gift without a prescription.

As was said by the Supreme Court in *Tilford* v. *State*, 109 Ind. 359, in construing a similar statute: "There is a reason, and a solid one, for requiring a 'written prescription,' for it is evidence of a tangible and lasting form, and it puts a professional man upon record as having deliberately advised a patient to buy, and a druggist to sell, liquor on Sunday. It is an effective means of preventing abuses, and is quite as important in a case where the druggist is himself a physician as in any other." See *Barton* v. *State*, 99 Ind. 89.

In the case at bar the prescription is addressed to no one. The quantity of liquor to be furnished is not stated, but is left to the discretion of the seller or purchaser. It simply prescribed as much whiskey as the patient wants to buy. Dr. Welker, who wrote the prescription, testified that the letters "q. s." in the prescription meant "sufficient quantity," or "quantity as desired." Such a prescription is not a compliance with the statute, and gives no protection to appellant. *Edwards* v. *State*, 121 Ind. 450; *Caldwell* v. *State*, *ante*, 48.

Judgment affirmed.