State *v.* Moore.

---

## THE STATE *v.* MOORE.

### [No. 3,433. Filed June 7, 1901.]

CRIMINAL LAW.—*Turning off Gas Without Permit.—Intent.* — An offense may be committed, regardless of intent, on the part of the accused, under §2312 Burns 1894, making it " unlawful for any person * * * to turn [gas] on or off, or in any manner interfere with any stopcock * * * belonging to such person, company or corporation * * * without first procuring from such person or corporation a written permit" so to do. *pp. 85-87.*

NATURAL GAS.—*Violation of Lease Contract.—Right of Lessor.*— Where one executes a gas and oil lease on his farm to a company, and the company pipes gas from a well constructed on the leased premises to consumers, without right to do so, and in violation of the lease contract, the lessor has no right to turn off the gas from the line to prevent a wrongful act by the lessee, but the lessor must resort to his legal remedy. *pp. 86, 87.*

From Blackford Circuit Court; *E. C. Vaughn,* Judge.

Orville K. Moore was prosecuted and acquitted on the charge of interfering with natural gas connections, and the State appeals. *Reversed.*

*A. M. Waltz, W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

*J. A. Hindman, S. W. Cantwell* and *L. B. Simmons,* for appellee.

State *v.* Moore.

ROBINSON, J.—Section 2 of the act of June 3, 1891, §2312 Burns 1894, provides: "It is hereby declared to be unlawful for any person to make, or cause to be made, any connection or reconnection, with the gas mains or service-pipes of any person, company, or corporation, furnishing to consumers natural or artificial gas, or to turn on or off, or in any manner interfere with any valve or stop-cock, or other appliances belonging to such person, company or corporation, and connected with its service or other pipes, or to enlarge the orifice of mixers, or to use natural gas for heating purposes except through mixers without first procuring from such person, company or corporation a written permit to turn on or off such stop-cock or valve, or to make such connections or reconnection, or to enlarge the orifice of mixers, or to use gas for heating without mixers, or to interfere with the valves, stop-cocks or other appliances of such person, company or corporation, as the case may be." The fifth section of the act provides the penalty for its violation.

Appellee was acquitted in a prosecution for unlawfully interfering with two valves or stop-cocks connected with the pipes of a corporation engaged in furnishing natural gas to consumers, by turning off the valves so as to stop the flow of gas, without first having procured a written permit to do so.

Counsel for appellee insist that no question is presented by the record for the reason that the appeal was not taken as the statute directs.

Section 1915 Burns 1894, §1846 Horner 1897, provides: "The prosecuting attorney may except to any opinion of the court during the prosecution of any cause, and reserve the point of law for the decision of the Supreme Court. The bill of exceptions must state clearly so much of the record and proceedings as may be necessary for a fair statement of the question reserved."

Section 1956 Burns 1894, §1883 Horner 1897, provides: "In case of an appeal from a question reserved on the part of the State, it shall not be necessary for the clerk of the

court below to certify, in the transcript, any part of the proceedings and record except the bill of exceptions and the judgment of acquittal. When the question reserved is defectively stated, the Supreme Court may direct any part of the proceedings and record to be certified to them."

The State, by bills of exceptions, has brought to this court all the evidence given on the trial and the instructions given the jury.

The statute provides that an appeal may be taken by the State in certain cases, among them, "Upon a question reserved by the State." §1955 Burns 1894, §1882 Horner 1897. To reserve a question for review, an exception must be taken as the law directs, and carried into the record. "All the authorities point in one direction, and that is, that there must be a specific ruling made, a direct exception, and a bill of exceptions embodying the ruling, the exception and such facts as are necessary to enable the appellate tribunal to understand and decide the particular question reserved." Elliott's App. Proc. §278, note. *State* v. *Lusk,* 68 Ind. 264.

Where there has been a verdict of acquittal in a criminal prosecution there can be no motion for a new trial. In a civil action the evidence can not be put into the record until the trial court has had an opportunity to review its finding or the jury's verdict. *Doe* v. *Herr*, 8 Ind. 24. In *State* v. *Bartlett,* 9 Ind. 569, where there had been a verdict of acquittal, it is said that "the entire evidence, even if set out correctly, is no part of the record." The reason given for the rule is that there could be no motion for a new trial, citing *Doe* v. *Herr, supra.* We do not think it necessary to inquire whether the case of *State* v. *Bartlett, supra,* intends to hold that, where the bill of exceptions contains all the evidence, and shows an objection to certain evidence, and an exception properly reserved, no question is presented, for the reason that the question thus sought to be raised is presented in the case at bar in an exception taken to instructions given.

Objection is made to certain instructions given and to

certain evidence introduced, and these present the question whether, under §2312, *supra,* appellee might excuse the unlawful act by showing his good intention.

The court instructed the jury that the defendant should not be convicted unless the jury believed that in doing the acts charged he acted with an evil intent, or intended to perform a wrongful act. And, also, that if the defendant executed to a company a gas and oil lease on his farm and the company thereafter constructed a well thereon which produced gas in large quantities, and piped the gas therefrom to consumers without right to do so and in violation of the contract, and used gas for no other purpose, and was so using it at the time of the offense, the defendant had the legal right to turn off the gas from the line and prevent the wrongful use thereof by the company.

The maxim *"Actus non facit reum, nisi mens sit rea"* can not have a like application in all cases. It must be given a meaning with reference to the particular definitions of crimes. The *mens rea* in manslaughter means a guilty mind, but it would be contradictory to say these words mean a guilty mind in a case of manslaughter by negligence,—to say that the mere absence of mind is a guilty mind. It is evident the maxim can not have a universal application, and that an act may be a crime without the element of intent.

It is a matter of common knowledge that natural gas is a dangerous agency, and of that fact courts take judicial notice. As such agency it is clear that its use may be made the subject of police regulation. The legislature, in the act in question, concluded, as it had the power to do, that the public safety and welfare required that the use of natural gas is a subject properly within legislative control. The act charged is not made a crime because of its moral turpitude or the criminal intent with which it was committed, but it is a prohibited act from motives of public policy. The statute makes the act charged unlawful. The doing of the act is a misdemeanor. The question is not whether he in-

tended to perform a wrongful act. If he did the act without having the written permit he violated the statute regardless of whether. or not it was done with evil intent. If the agreement or lease introduced in evidence contained anything that might be construed as a permit to appellee to interfere with the main under certain conditions, a different question would be presented. But the lease contains no such stipulation, nor anything that might be construed as such. If appellee had a contract that was being violated, a court would have granted relief. Appellee was charged with the voluntary commission of an act prohibited by a statute passed to subserve ·a public policy, and the voluntary doing of the act, regardless of his intent, constitutes the offense. *State* v. *Engle,* ·156 Ind. 339, and cases cited; *Commonwealth* v. *Raymond,* 97 Mass. 567; *State* v. *Hartfiel,* 24 Wis. 60; *Eagle* v. *Nowlin,* 94 Fed. 646. See, *Barton* v. *State,* 99 Ind. 89; *Tilford* v. *State,* 109 Ind. 359; *Edwards* v. *State,* 121 Ind. 450.

The appeal is sustained.