# RYAN *v.* THE STATE OF INDIANA.

[N. 21,606.   Filed July 1, 1910.]

1.   INTOXICATING LIQUORS.—*Sales by Druggists.—Prescriptions.*—
It was no defense to a prosecution of a druggist for selling liquor
in violation of §2099 R. S. 1881, providing that druggists could
sell liquor only upon written prescriptions, that the sale was
made in good faith for medicinal purposes.   p. 472.

2.   INTOXICATING LIQUORS.—*Sales by Druggists.—Written Prescrip-
tion.*—A sale of liquors by a druggist is unlawful unless made
in strict compliance with the provisions of §8352 Burns 1908, Acts
1907 p. 689, §2, requiring a written prescription or application.
pp. 472, 474.

3.   STATUTES.—*Language.—Construction.—"Writing."*—Section 240,
Burns 1908, §240 R. S. 1881, providing that unless "plainly repug-
nant to the intent of the legislature" the words "written" and
"in writing" shall include "printing, lithographing, or other mode
of representing words and letters," does not apply to §8352 Burns
1908, Acts 1907 p. 689, §2, providing that druggists may sell liquor
"upon the written (not printed or typewritten) prescription of a
reputable physician in active practice."   p. 473.

4. STATUTES.—Words.—Meaning.—Where a word or phrase is used more than once in the same section of an act, and the meaning of such word or phrase is clear in one instance, the presumption is that the same meaning is intended where the word or phrase is used again. p. 474.

5. INTOXICATING LIQUORS.—Sales by Druggists.—Applications.—Sufficiency.—A printed application to a druggist for the sale of liquor, stating that the whisky purchased would be "used for medicinal, scientific or educational purposes only," signed in a fictitious name, and endorsed by the druggist with a statement that he believes the applicant desires the liquor "for the purposes stated therein," is no defense in a prosecution for unlawfully selling liquor under §8352 Burns 1908, Acts 1907 p. 689, §2, requiring applications to be in writing and to be specific. p. 476.

6. INTOXICATING LIQUORS.—Sales by Druggists.—Applications.—Vendee.—A druggist who sells liquor upon an application must not only know the purchaser, but must also know him to be a person not in the habit of becoming intoxicated (§8352 Burns 1908, Acts 1907 p. 689, §2). p. 477.

From Howard Circuit Court; L. J. Kirkpatrick, Judge.

Prosecution by The State of Indiana against Larry Ryan. From a judgment of conviction, defendant appeals. Affirmed.

S. G. Gifford, B. F. Harness, B. C. Moon and W. R. Voorhis, for appellant.

James Bingham, Attorney-General, A. G. Cavins, Edward M. White, William H. Thompson and Arthur G. Manning, Prosecuting Attorney, for the State.

MONKS, C. J.—Appellant, a druggist, was tried and convicted of the offense of selling one quart of whisky in violation of law.

The only error assigned and not waived calls in question the action of the court in overruling appellant's motion for a new trial. The causes assigned for a new trial are (1) "the finding of the court is contrary to law," and (2) "the finding of the court is not sustained by sufficient evidence."

It is admitted that appellant is a druggist and sold one quart of whisky to the person named in the affidavit, but it

is claimed that the provisions of §8352 Burns 1908, Acts 1907 p. 689, §2, as to "applications," were complied with, and therefore the sale was lawful.

Appellant further insists that "a sale of intoxicating liquor made by a druggist in good faith and for medicinal purposes, with reasonable caution, is not a violation of law, but is justified by the decisions of this court, citing Nixon v. State (1881), 76 Ind. 524; Ball v. State (1875), 50 Ind. 595. The same contention was made in the case of Barton v. State (1884), 99 Ind. 89, where appellant was found guilty of violating the provisions of §2099 R. S. 1881, which made it unlawful for a druggist to barter, sell or give away any intoxicating liquor on Sunday or on certain other days, or between certain hours mentioned in said section, "unless the person, to whom the same is sold, bartered or given shall have first procured a written prescription therefor from some regular practicing physician of the county where the same is so sold, bartered, or given away." In relation to said contention this court said in that case, at page 90: "Appellant contends, however, that as the liquor was sold in good faith for medicinal purposes, the case is not within the spirit of the law. In support of this contention, we are cited to the case of Nixon v. State [1881], 76 Ind. 524, as being conclusive. That was a prosecution against a druggist for having sold intoxicating liquors without a license. The court followed previous cases, in excepting from the operation of the statute requiring a license, sales made in good faith for medicinal purposes. The spirit and intent of the statutes requiring a license to sell intoxicating liquors were to regulate and curtail the sale of such liquors, and lessen intoxication, and not to prohibit the sale for medicinal purposes. The case of Nixon v. State, supra, and the cases there cited, rest upon this interpretation. This reasoning cannot be applied to the case before us. * * * The section [§2099 R. S. 1881] is an absolute inhibition upon the sale of such liquors on the days named, to be drunk as a beverage. It seems to

recognize the right of druggists to sell such liquors for medicinal purposes, but imposes a condition upon such sales on Sunday and the other days named, and that is, that the sale shall be made only to those who may have procured a written prescription therefor from a regular practicing physician of the county. The intention is to prohibit the sale on those days except in cases of sickness. And in order that this intention shall not be thwarted by feigned sickness, the prescription is required; and that there may be no imposition here, the physician must be a regular practicing physician; and still further to guard against imposition, the physician must be of the county where the liquor is to be sold, so that the druggists and the authorities may be more likely to have a personal acquaintance with him. This condition is the barrier erected about the sale by druggists on those days. To hold that the sale may be made on those days without the prescription, would be to override and break down that barrier. Such a holding would be in conflict with both the spirit and letter of the statute. It would carry us beyond the boundaries of interpretation and construction, into the domain of legislation. The argument, that cases of emergency may arise where it may be inconvenient, if not impossible, to procure such a prescription in time to prevent serious consequences, may have force when addressed to legislators, but it cannot be controlling with the courts, whose duty it is to declare the law as enacted by the lawmaking branch of the government." Said case was approved by this court in *Tilford* v. *State* (1887), 109 Ind. 359, and in *Edwards* v. *State* (1890), 121 Ind. 450. In the case last cited this court said: "In a prosecution for the violation of this statute [§2099 R. S. 1881], it is no defense that the liquor was sold in good faith for medicinal purposes. It was so decided by this court in the case of *Barton* v. *State* [1884], 99 Ind. 89, and in the case of *Tilford* v. *State* (1887), 109 Ind. 359. * * * In addition to what was said in the two cases above cited, it may be remarked that, *prima facie*, every sale of in-

toxicating liquor on Sunday, and the other days named in the statute, is unlawful. The burden of showing such sale to be lawful rests upon the person making the sale, and the statute contemplates that such proof shall be in writing." See, also, *Rizer* v. *Tapper* (1907), 133 Iowa 628, 630, 631, 110 N. W. 1038, and cases cited; *Peak* v. *Bidinger* (1907), 133 Iowa 127, 110 N. W. 292; *Commonwealth* v. *Perry* (1889), 148 Mass. 160, 19 N. E. 212.

1. It was no defense to a prosecution for a violation of §2099, *supra,* that the liquor was sold in good faith, for medicinal purposes, and that it was actually used for such purpose, if not sold upon a written prescription, as required by said section. *Caldwell* v. *State* (1897), 18 Ind. App. 48, 51, and cases cited. Section 2099, *supra,* was reënacted in 1905 as §580 of the act concerning public offenses (Acts 1905 p. 722, §2493 Burns 1908).

2. It is evident that the reasoning of the court in the cases of *Nixon* v. *State, supra,* and *Ball* v. *State, supra,* cannot be applied to the case now before us, but that the rule declared in the cases of *Barton* v. *State, supra, Tilford* v. *State, supra,* and *Edwards* v. *State, supra,* applies.

The part of §8352, *supra,* upon which appellant relies, reads as follows: "It shall be lawful for any druggist or pharmacist to sell vinous or spirituous liquors in quantities not less than a quart at a time for medicinal, industrial or scientific purposes, and for no other purposes, and then only upon the written (not printed or typewritten) prescription of a reputable physician in active practice, or upon the written and signed application of any other person who is personally known to such druggist or pharmacist and who is by him known not to be a person in the habit of using intoxicating liquors as a beverage, such person stating therein that such liquor is desired and will be used for medicinal, scientific or educational purposes only, and upon making such sale such druggist shall indorse in writing on such

application a statement that in his opinion such liquor is desired for the purposes last above stated, and for no other purposes whatever; or upon the written and signed application of the superintendent of any hospital or educational institution where such liquor is used solely for medicinal or scientific purposes; and in no case shall any liquor sold hereunder be permitted by such druggist or pharmacist to be drunk on the premises where sold. Such prescription or application shall be plainly written, dated and signed in his or her full and correct name, by the maker thereof, and the date of the sale shall be plainly written thereon by the person making such sale, and such prescription or application shall be filed and carefully preserved for at least one year from the date of such sale, by the person making such sale, and only one sale shall be made under such prescription or application.''

It is provided in §240 Burns 1908, §240 R. S. 1881, that ''the construction of all statutes of this State shall be by the following rules, unless such construction be plainly 3. repugnant to the intent of the legislature or of the context of the same statute: * * * Ninth. The words 'written' and 'in writing' shall include printing, lithographing, or other mode of representing words and letters.'' Appellant contends that §240, *supra,* governs the construction of the words ''written'' and ''in writing'' when they appear in §8352, *supra,* and that when so construed the prescription and the application mentioned in said §8352, *supra,* may be printed, typewritten, lithographed or prepared in any other mode of representing words and letters. This contention is not correct, for the reason that such construction is plainly repugnant to the intent of the legislature as expressed in §8352, *supra,* and also to the context of said section. If this is true, §240, *supra,* has no application to the construction of the words ''written'' and ''in writing'' contained in §8352, *supra.* It will be observed that when the word ''written'' first appears in said section it is ex-

pressly provided that it does not mean "printed or
4. typewritten." It is a rule of statutory construction
that when the same word or phrase is used more than
once in the same section of an act, and the meaning is clear
as used in one place, it will be construed to have that mean-
ing wherever used in said act or section, unless there is some-
thing therein to show that there is another meaning intended.
2 Lewis's Sutherland, Stat. Constr. (2d ed.) p. 758; 26 Am.
and Eng. Ency. Law (2d ed.) 610, 611; *Rhoades* v. *Weldy*
(1889), 46 Ohio St. 234, 20 N. E. 461, 15 Am. St. 584; *Ray-
mond* v. *Cleveland* (1885), 42 Ohio St. 522; *James* v. *Du
Bois* (1837), 16 N. J. L. 285; *Pitte* v. *Shipley* (1873), 46
Cal. 154, 160. It is evident that the provisions of the ninth
clause of §240, *supra,* do not govern the construction of the
words "written" and "in writing" when they appear in
§8352, *supra.*

In order that a sale of vinous or spirituous liquors by a
druggist may be lawful under the requirements of §8352,
*supra,* the sale must be in a quantity not less than a
2. quart at a time for medicinal, industrial or scien-
tific purposes, and for no other purposes, and then
only upon the written prescription of a reputable physician
in active practice, or upon the written and signed applica-
tion of a person who is personally known to such druggist
or pharmacist, and who is by him known not to be a person
in the habit of using intoxicating liquors as a beverage, and
such person must state in such application for which one of
such purposes (whether medicinal, scientific or educational)
the liquor is desired, and that it will be used for that pur-
pose only. Upon making such sale the druggist or pharma-
cist is required to indorse in writing on such application a
statement that, in his opinion, such liquor is desired for the
purpose mentioned in said application—naming it—and for
no other purpose whatever. This statement must be written,
not printed or typewritten. Or it may be sold "upon the
written and signed application of the superintendent of any

hospital or educational institution where such liquor is used solely for medicinal or scientific purposes.'' If the sale is made upon the prescription of a physician, it must be for medicinal purposes only, and the prescription must be plainly written, dated and signed by the physician in his or her full and correct name. If the sale is made upon said written and signed application it must be for one of the purposes mentioned, and said application must be plainly written, dated and signed by the maker of such application in his full and correct name. Whether said sale is made upon a prescription or an application, it must be written by the maker thereof and not be typewritten or printed. The date of the sale must be plainly written thereon by the person making such sale. Only one sale can be made on such prescription or application, and in no case shall any liquor be permitted by such druggist or pharmacist to be drunk on the premises where sold. Unless all these requirements as to a sale by prescription or a sale on written application are complied with, the sale by a druggist or pharmacist is unlawful. *State* v. *Pence* (1909), 173 Ind. 99; *Caldwell* v. *State* (1897), 18 Ind. App. 48; *Kyle* v. *State* (1897), 18 Ind. App. 136; *Hutson* v. *Commonwealth* (1907), 32 Ky. Law 392, 105 S. W. 955; *State* v. *Harris* (1904), 122 Iowa 78, 97 N. W. 1093; *Peak* v. *Bidinger, supra; State* v. *Nixdorf* (1891), 46 Mo. App. 494; *State* v. *Bowers* (1896), 65 Mo. App. 639; *State* v. *Manning* (1904), 107 Mo. App. 51, 81 S. W. 223; *State* v. *Tetrick* (1890), 34 W. Va. 137, 11 S. E. 1002.

In the case of *State* v. *Pence, supra,* this court said: ''No sales of intoxicating liquors by a druggist or pharmacist are authorized except for specified uses, and then only upon compliance with the numerous restrictions and limitations of this act [§8352 Burns 1908, Acts 1907 p. 689]. If an illegitimate sale of liquor be made by a druggist or pharmacist, the fact and circumstances are likely soon to become manifest, and prosecution, if any, be instituted within one year. If

the prosecution be directed against the seller, his justification for the sale must, in large measure, appear in writing made at the time and preserved by himself.''

In this case the sale was made by appellant to one Mullett, who signed the name Charles Smith to a printed blank, and either before or after the sale appellant wrote in the blank space left for that purpose the date of the application, the quantity and kind of liquor (whisky) desired, and signed and dated a statement printed thereon as to the purpose for which the liquor was, in his opinion, desired. Said application, after it had been signed and dated and the blanks therein filled, was as follows:

"General application"

"Name of Druggist—Hollowell & Ryan.
I hereby apply for one quart of whisky, which is desired and will be used for medicinal, scientific or educational purposes only.

Charles Smith,
(Date) 11/29/'09.        (Signature of Applicant.)

In my opinion the above named applicant desires the liquor referred to in the foregoing application for the purposes stated therein, and for no other purposes.

L. C. Ryan.
(Date) 11/29/'09.        (Signature of Druggist.)''

The application was not written, dated and signed by the maker in his full and correct name, as required by §8352, *supra,* nor was the statement indorsed on said application, which appellant signed, written thereon by him, as required by §8352, *supra,* but it was printed thereon. Neither was such application in the form required by §8352, *supra,* in this, that it should have stated that the whisky was "desired and would be used for medicinal purposes only,'' as that was the purpose for which the purchaser informed appellant he desired the whisky, and the purpose for which appellant testified he sold it. To comply with §8352, *supra,* the application must state the purpose for which the vinous or spirituous liquor, naming it, is desired and will be used, and must state such purpose only, and it does not comply

with the law when it states, as in this case, all the purposes in the alternative for which such liquor may be sold by a druggist or pharmacist. No one could determine from such an application for which of said purposes said liquor was desired and would be used. It is evident that the conditions and requirements of §8352, *supra,* as to sales on application, were not complied with.

Nor can we say, under the evidence, as against a finding of guilty against appellant, that said Mullett was personally known to him, and that said Mullett was by him

6.  known not to be a person in the habit of using intoxicating liquors as a beverage, in the sense and to the extent required by §8352, *supra.* If appellant sold said whisky to said Mullett, and if said Mullett was not personally known to him, or if said Mullett was not by him "known not to be a person in the habit of using intoxicating liquors as a beverage," such sale would not be lawful under the provisions of §8352, *supra,* even if said application was made out and signed in all respects as required by §8352, *supra.*

It is evident that the court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.